# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

BERNARD ROGERS

Case No. 6:23-cr-7-RBD-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on Defendant's Sealed, Unopposed Motion for Leave to File Under Seal (Dkt. 49), filed October 3, 2023. Defendant seeks to seal a psychological evaluation filed as an attachment to his motion.

Defendant contends that the report should be sealed because the privacy rule of Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), P.L. 104-191, and the regulations implementing that law, 45 C.F.R. Parts 160, 164, protect the report from disclosure. Defendant is mistaken.

The Privacy Rule, promulgated under HIPAA, Title II, establishes federal protections to ensure the privacy and security of protected health information and establishes certain rights regarding an individual's health information.[1] The HIPAA Privacy Rule applies to covered entities, which

---

[1] The United Stated Department of Health and Human Services, the federal agency charged with implementing HIPAA, has promulgated a series of

include health plans, health care clearinghouses, and health care providers that conduct certain standard transactions (such as billing insurance) electronically. 45 C.F.R. §§ 160.102(a), 160.103 (defining "covered entity"). HIPAA covered entities may only use and disclose PHI with the individual's written permission, or as otherwise permitted or required by the HIPAA Privacy Rule. *Id.* § 162.100 ("Covered entities (as defined in § 160.103 of this subchapter) must comply with the applicable requirements of this part."). The Court and Federal Defender organizations are not HIPAA covered entities, and so the HIPAA Privacy Rule is not a basis to seal Defendant's motion or the attached psychological report.

The Supreme Court and Eleventh Circuit have said that requests to seal judicial records implicate the public's qualified First Amendment right of access to criminal proceedings.[2] *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1028 (11th Cir. 2005) (citing *Globe Newspaper Co. v. Superior Ct., for the Cnty. of Norfolk*, 457 U.S. 596, 603 (1982), and *Chicago Trib. Co. v.*

---

regulations found variously at 45 C.F.R. Part 160 and Subparts A and E of Part 164 that the agency refers to collectively as the HIPAA Privacy Rule. *See* Dep't of Health & Human Servs., *The HIPAA Privacy Rule*, https://www.hhs.gov/hipaa/for-professionals/privacy/index.html.

[2] There is also a less-burdensome qualified common law right of access to judicial records, which "may be curtailed if . . . non-disclosure is warranted." *United States v. DeJournett*, 817 F.3d 479, 485 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

*Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001)). Criminal proceedings are presumed to be open. *Id.* at 1029. A party may overcome that presumption if it can show "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 1030 (quoting *Press-Enter. Co. v. Superior Ct. of California, Riverside Cnty.*, 464 U.S. 501, 510 (1984)). A court may seal documents in a criminal case if it articulates the "overriding interest" together with "findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Id.*

There is no question that Defendant's motion and the report are part of the record of a judicial proceeding. *See United States v. Sattar*, 471 F. Supp. 2d 380, 385 (S.D.N.Y. 2006) (letter from defendant's counsel sending psychiatric report about the defendant and report itself were "judicial documents," to which common-law presumption of public access attached, even if court did not find such documents to be useful and did not rely on them, where they were submitted to court to provide information for sentencing); *United States v. Tangorra*, 542 F. Supp. 2d 233, 237 (E.D.N.Y. 2008) (documents submitted by defendants as part of the sentencing process that pertained to the defendants' business affairs were "judicial documents" subject to the common law right of access, even though the court did not rely on the documents in reaching its

sentencing decision). Thus, there is a presumptive right of public access to those materials.

Defendant asks to seal the psychological report because it contains personal and private information. Dkt. 49 at 1–2. Courts may consider the privacy interests of criminal defendants when weighing a request to seal particular documents. *See United States v. Kaczynski*, 154 F.3d 930, 931 (9th Cir. 1998) (holding, over the defendant's objections, that certain media companies could access redacted versions of a psychiatric competency report that was sealed based on the defendant's privacy interests); *Times Mirror Co. v. United States*, 873 F.2d 1210, 1216 (9th Cir. 1989) (considering the privacy interest of individuals identified in search warrants and noting that "[o]ther courts have also taken account of the privacy rights of individuals when considering access requests to judicial documents.").

Based on the representations in the motion and an *in camera* review of the report, I find that Defendant's interest in the confidential and sensitive information in the report outweighs the public's qualified right to access. The motion, however, implicates no such interests, and so it must be unsealed.[3]

---

[3] The motion was filed under seal. Defendant's motion does not include a request to seal the motion. But given the motion was filed under seal, I will deem the motion to include such a request.

Accordingly, it is **ORDERED**:

1. The Motion (Dkt. 49) is **GRANTED IN PART** and **DENIED IN PART**;

2. The psychological evaluation report filed at docket number 49-1 is sealed until further order of the Court; and

3. The Clerk of Court is directed to unseal the motion filed at docket number 49.

**DONE** and **ORDERED** in Orlando, Florida, on October 4, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Pretrial Services Office
United States Marshals Service
Assistant U.S. Attorney
Counsel for Defendant
Defendant